*MHW*

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DENNIS CUSTY AND ANNE CUSTY,  :
  :
    **Plaintiffs**  :      **CASE NO.: 08CV2483**
  :
  :
ROANKE COMPANIES GROUP,  :  **SEPARATE ANSWER OF**
INC., et al.  :  **DEFENDANT AEROFIL**
    **F I L E D**  :  **TECHNOLOGY, INC. TO**
    **Defendants** 5-30-2008  :  **PLAINTIFFS' COMPLAINT**
    MAY 3 0 2008 **YM**  :
  :  **(JURY DEMAND**
    MICHAEL W. DOBBINS  :  **ENDORSED HEREON)**
    CLERK, U.S. DISTRICT COURT

Now comes Defendant, Aerofil Technology, Inc., and for its answer states as follows:

### INTRODUCTION

1.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 1 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

### PARTIES, JURISDICTION AND VENUE

2.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 2 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

3.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 3 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

4.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 4 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

5.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 5 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

6.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 6 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

7.     Defendant Aerofil Technology, Inc. admits the allegations made and contained in Paragraph 7 of the Plaintiffs' Complaint.

8.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 8 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

9.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 9 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

10.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 10 of the Plaintiffs Complaint as they are untrue.

11.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 11 of the Plaintiffs Complaint as they are untrue.

12.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 12 of the Plaintiffs Complaint as they are untrue.

13.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 13 of the Plaintiffs Complaint as they are untrue.

## OPERATIVE FACTS

14.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 13 of Plaintiffs' Complaint as if fully rewritten herein.

15.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 15 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

16.     Defendant Aerofil Technology, Inc. admits that it packaged the subject product, but denies the remaining allegations contained in Paragraph 16 of the Plaintiffs' Complaint as they are untrue.

17.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 17 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

18.     Defendant Aerofil Technology, Inc. admits that the product instructions speak for themselves and denies the remaining allegations set forth in Paragraph 18 of the Plaintiffs' Complaint.

19.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 19 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

20.     Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 20 of the Plaintiffs Complaint as they are untrue.

21.     Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 21 of the Plaintiffs Complaint as they are untrue.

22.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 22 of the Plaintiffs Complaint as they are untrue.

23.    Defendant Aerofil Technology, Inc. denies that the product is "admittedly defective" and that any cans are "faulty", and denies the remaining allegations contained in Paragraph 23 of the Plaintiffs' Complaint for want of knowledge or sufficient information upon which to base an answer.

24.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 24 of the Plaintiffs Complaint as they are untrue.

25.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 25 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

## COUNT 1

## STRICT PRODUCT LIABILITY/PRODUCT DEFECT
### (All Defendants)

26.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 25 of the Plaintiffs' Complaint as if fully rewritten herein.

27.     Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 27 and all of its subparts as they are untrue.

28.     Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 28 of the Plaintiffs Complaint as they are untrue.

29.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 29 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

30.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 30 of the Plaintiffs' Complaint to the extent that they are directed at this Defendant as untrue.

31.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 31 of the Plaintiffs' Complaint to the extent that they are directed at this Defendant as untrue.

32.     Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 32 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

33.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 33 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

34.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 34 of the Plaintiffs Complaint as they are untrue.

## COUNT II

### NEGLIGENCE
### (All Defendants)

35.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 34 of Plaintiffs' Complaint as if fully rewritten herein.

36.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 36 of the Plaintiffs Complaint as they are untrue.

37.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 37 and all of its subparts as they are untrue.

38.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 38 of the Plaintiffs Complaint as they are untrue.

39.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 39 of the Plaintiffs Complaint as they are untrue.

## COUNT III

## VIOLATIONS OF UNFAIR PRACTICES ACT
### (All Defendants)

40.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 39 of Plaintiffs' Complaint as if fully rewritten herein.

41.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 41 of the Plaintiffs Complaint as they are untrue.

42.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 42 of the Plaintiffs Complaint as they are untrue.

43.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 43 of the Plaintiffs Complaint as they are untrue.

44.    Defendant Aerofil Technology, Inc. admits that N.M. §§ Stat. Ann. 57-12-2, 57-12-3 speaks for itself, and denies each and every allegation

made and contained in Paragraph 44 of the Plaintiffs Complaint as they are untrue.

45.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 45 of the Plaintiffs Complaint as they are untrue.

46.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 46 of the Plaintiffs Complaint as they are untrue.

47.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 47 of the Plaintiffs Complaint as they are untrue.

48.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 48 of the Plaintiffs Complaint as they are untrue.

## COUNT IV

### BREACH OF WARRANTIES
### (Roanoke and Home Depot)

49.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 48 of Plaintiffs' Complaint as if fully rewritten herein.

50.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 50 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

51.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 51 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

52.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 52 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

53.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 53 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

54.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 54 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

55.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 55 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

56.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 56 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

## COUNT V

## VIOLATIONS OF UNIFORM FRAUDULENT TRANSFERS ACT
### (Roanoke)

57.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 56 of Plaintiffs' Complaint as if fully rewritten herein.

58.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 58 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

59.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 59 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

60.    Defendant Aerofil Technology, Inc. denies the allegations made and contained in Paragraph 60 of the Plaintiffs' Complaint as they are not directed towards this Defendant.

## COUNT VI

## PUNITIVE DAMAGES
### (All Defendants)

61.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 60 of Plaintiffs' Complaint as if fully rewritten herein.

62.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 62 of the Plaintiffs Complaint as they are untrue.

63.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 63 of the Plaintiffs Complaint as they are untrue.

64.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 64 of the Plaintiffs Complaint as they are untrue, and specifically denies it had a conscious indifference to or disregard for the safety of others.

65.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 65 of the Plaintiffs Complaint as they are untrue.

66.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 66 of the Plaintiffs Complaint as they are untrue.

67.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 67 of the Plaintiffs Complaint as they are untrue.

68.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 68 of the Plaintiffs Complaint as they are untrue.

## COUNT VII

## VIOLATIONS OF CONSUMER PRODUCT SAFETY ACT
### (All Defendants)

69.    Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 68 of Plaintiffs' Complaint as if fully rewritten herein.

70.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 70 of the Plaintiffs Complaint as they are untrue.

71.    Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 71 of the Plaintiffs Complaint as they are untrue.

72. Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 72 of the Plaintiffs Complaint as they are untrue.

73. Defendant Aerofil Technology, Inc. admits that 15 U.S.C. §2064(b)(3) speaks for itself, and denies each and every allegation made and contained in Paragraph 73 of the Plaintiffs Complaint as they are untrue.

74. Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 74 of the Plaintiffs Complaint as they are untrue.

75. Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 75 of the Plaintiffs Complaint as they are untrue.

76. Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 76 of the Plaintiffs Complaint as they are untrue.

77. Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 77 of the Plaintiffs Complaint as they are untrue.

## PRAYER FOR RELIEF

78.     Defendant Aerofil Technology, Inc. reasserts the denials and admissions contained in the previous paragraphs 1 through 77 of Plaintiffs' Complaint as if fully rewritten herein.

79.     Defendant Aerofil Technology, Inc. denies each and every allegation made and contained in Paragraph 79 and all of its subparts as they are untrue.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Complaint is barred in whole or in part for failing to set forth a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred in whole or in part by lack of personal jurisdiction.

3.     Plaintiffs' claims are barred in whole or in part by improper venue.

4.     Plaintiffs' claims are barred in whole or in part by insufficient service and/or insufficient service of process.

5.     Plaintiffs' claims are barred in whole or in part by intervening or superseding causes.

6.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' own contributory or comparative negligence.

15

7.    Plaintiffs' claimed damages were not proximately caused by this Defendant.

8.    Plaintiffs' claims related to product liability are barred due to the fact that Defendant is not a manufacturer of the product.

9.    Plaintiffs' claim for punitive damages against Defendant would violate the Constitution of the United States of America as well as the Constitution of the State of Illinois.

10.    Plaintiffs' claims may be barred in whole or in part due to federal preemption.

11.    Plaintiffs' claims against this Defendant are barred based on the doctrine of expressed or implied assumption of the risks.

12.    Plaintiffs' damages, if any, were caused by individuals or entities other than this Defendant.

13.    Plaintiffs' claims are barred for failure to timely file.

### ANSWER AND RESPONSE TO ANY AND ALL CROSS-CLAIMS

1.    This Defendant does now respond to and answer any and all cross-claims, if any, from any co-defendants by same:

       a) Aerofil, Inc. denies liability for all cross-claims for contribution, if any; and

       b) Defendant Aerofil Technology, Inc. denies liability for all cross-claims for indemnification, if any.

16

WHEREFORE, Defendant Aerofil having fully answered Plaintiffs'

Complaint herein prays for dismissal, with prejudice, at Plaintiffs' costs.

Respectfully submitted,

Sutter, O'Connell & Farchione

Lawrence A. Sutter (OH #0042664)
James M. Popson (OH #0072773)
Thomas H. Terry, III (OH #0016340)
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
Email: lsutter@sutter-law.com
        jpopson@sutter-law.com
        tterry@sutter-law.com
*Attorneys for Defendant Aerofil*

## JURY DEMAND

Aerofil Technologies, Inc. hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Lawrence A. Sutter (OH #0042664)
James M. Popson (OH #0072773)
Thomas H. Terry, III
        Attorneys for Defendant
Aerofil Technology, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing, *Separate Answer of Defendant Aerofil Technology, Inc.* has been mailed this ___ day of May, 2008, by regular U.S. mail to:

Michael T. Terwilliger, Esq.
Kenneth J. Allen, Esq.
Allen Law Building
1109 Glendale Boulevard
Valparaiso, Indiana 46383
*Counsel for Plaintiffs Dennis and Anne Custy*

Scott D. Huray, Esq.
Thomas S. Carlock, Esq.
Timonty J. Gardner, Esq.
CARLOCK, COPELAND,
SEMLER & STAIR, LLP
2600 Marquis II Tower, 285
Peachtree Center Avenue
Atlanta, Georgia 30303-1235
*Counsel for Defendant Ortec, Inc.*

Mikal C. Watts, Esq.
William Joseph Maiberger, Jr., Esq.
Francisco Guerra, IV, Esq.
WATTS LAW FIRM, LLP
300 Convent, Suite 100
San Antonio, Texas 78205
*Counsel for Plaintiffs*

Philip J. O'Rourke, Esq.
Charles M. McGivney, Esq.
William Sanders, Esq.
23 Vreeland Road, Suite 220
Florham Park, New Jersey 07932
*Counsel for Defendant, SLR, Inc.*

Sara S. Turnipseed, Esq.
Nelson, Mullins, Riley & Scarborough
999 Peachtree Street, N.E., Suite 1400
Atlanta, Georgia 30309
*Counsel for Defendant, SLR, Inc.*

Edward B. Ruff, Esq.
Michael P. Turiello, Esq.
PRETZEL & STOUFFER
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
*Counsel for Defendant, Old Roanoke*

18

Albert H. Parnell, Esq.
R. Scott Masterson, Esq.
Charles R. Beans, Esq.
HAWKINS & PARNELL, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia  30308-3243
*Counsel for Defendant, Innovative
Chemical Technologies, Inc.*

John P. MacNaughton
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326-1044
*Counsel for Defendant The Home Depot,
Iinc.*

John R. Doyle, Esq.
J. Christian Nemeth, Esq.
MCDERMOTT WILL & EMERY LLP
227 West Monroe
Chicago, Illinois  60606-5096
*Counsel for Defendant, New Roanoke*

Sutter, O'Connell & Farchione

Lawrence A. Sutter (OH #0042664)
James M. Popson (OH #0072773)
Thomas H. Terry, III (OH #0016340)
3600 Erieview Tower
1301 E. 9th Street
Cleveland, OH  44114